IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | |
|---|---|
| **RC LODGE, LLC, et al.,** | ) |
| | ) |
|     **Plaintiffs,** | ) |
| | ) |
| v. | )   CIVIL ACTION 12-0112-WS-M |
| | ) |
| **SE PROPERTY HOLDINGS, LLC, et al.,** | ) |
| | ) |
|     **Defendants.** | ) |

## ORDER

      The plaintiffs filed this action in state court against five defendants. (Doc. 1, Exhibit 1 at 9-22). One of them, SE Property Holdings, LLC ("SEPH"), filed a notice of removal. (Doc. 1). That simple action has spawned a cottage industry of filings, beginning with the plaintiffs' motion to remand, (Doc. 21), and also including: SEPH's brief in opposition, (Doc. 24); the plaintiffs' first amended complaint, (Doc. 27); the plaintiffs' reply brief, (Doc. 28); SEPH's sur-reply brief, (Doc. 30); the plaintiffs' notice of dismissal of the federal claim set forth in their first amended complaint, (Doc. 31); the plaintiffs' response to the sur-reply, (Doc. 37); SEPH's response to the plaintiffs' notice of dismissal, (Doc. 39); the plaintiffs' motion for leave to file a second amended complaint, (Doc. 47); and SEPH's response to that motion. (Doc. 53). After carefully considering the foregoing, the Court concludes that the motion to remand is due to be granted.

## BACKGROUND

      According to the complaint, Vision Bank ("Vision") loaned plaintiff RC Lodge, LLC ("Lodge") approximately $925,000, reflected in a promissory note and guaranteed

by unlimited personal guaranties from Lodge and from plaintiff Paul Nabors.[1]  The complaint alleges that these debts are not enforceable because Vision was not qualified to do business in Alabama; because Vision engaged in negligent lending, account administration and loan supervision; because Vision breached a fiduciary duty to the plaintiffs; and because Vision and the other four defendants fraudulently induced the plaintiffs to enter the agreements and conspired with each other against the plaintiffs.

## DISCUSSION

SEPH removed on the basis of diversity.  The complaint does not expressly identify the amount in controversy, but SEPH's representative offers uncontested evidence that the unpaid principal balance on the note as of the date of removal exceeded $800,000.  (Doc. 1, Exhibit 2, ¶ 3).[2]  Since the complaint demands rescission or other nullification of this debt, the amount in controversy plainly exceeds $75,000, independent of the complaint's additional demand for compensatory and punitive damages.

The complaint asserts that both plaintiffs are citizens of Alabama and that all defendants other than Vision are also citizens of Alabama.[3]  SEPH does not deny these allegations of citizenship but argues that all the Alabama defendants were fraudulently joined, such that their citizenship must be ignored in determining the existence of

---

[1] The complaint, filed January 26, 2012, names Vision as a defendant.  According to the removal papers, SEPH is the successor by merger to Vision, the merger having been occurred on or about February 16, 2012.  (Doc. 1, Exhibit 2, ¶ 2).  Removal was accomplished on February 24, 2012.  On March 12, SEPH filed a motion for substitution under Rule 25, (Doc. 13), which the Court granted without objection.  (Doc. 20).

[2] In order to meet its burden of showing by a preponderance of the evidence that the amount in controversy more likely than not exceeds $75,000, "[d]efendants may introduce their own affidavits, declarations or other documentation …."  *Pretka v. Kolter City Plaza II, Inc.*, 608 F.3d 744, 755 (11th Cir. 2010).

[3] SEPH, like Vision, is not a citizen of Alabama.  (Doc. 1 at 3-4).

complete diversity. This argument provides the beginning point, though not the terminus, of the Court's analysis.

### A. Fraudulent Joinder.

"Fraudulent joinder is a judicially created doctrine that provides an exception to the requirement of complete diversity." *Triggs v. John Crump Toyota, Inc.*, 154 F.3d 1284, 1287 (11th Cir. 1998). As applicable here, the removing defendant must show "by clear and convincing evidence" that "there is no possibility the plaintiff can establish a cause of action against the resident defendant." *Henderson v. Washington National Insurance Co.*, 454 F.3d 1278, 1281 (11th Cir. 2006). "If there is even a possibility that a state court would find that the complaint states a cause of action against any one of the resident defendants, the federal court must find that the joinder was proper and remand the case to the state court." *Stillwell v. Allstate Insurance Co.*, 663 F.3d 1329, 1333 (11th Cir. 2011) (internal quotes omitted). "In making its determination, the district court must evaluate factual allegations in the light most favorable to the plaintiff and resolve any uncertainties about the applicable law in the plaintiff's favor." *Pacheco de Perez v. AT&T Co.*, 139 F.3d 1368, 1380 (11th Cir. 1998).

The complaint asserts only two causes of action against the resident defendants: fraudulent inducement and civil conspiracy. (Doc. 1, Exhibit 1 at 19-21). SEPH argues that "[n]o reasonable possibility exists that a state court would find that the complaint states a cause of action for fraud against any of these defendants" because it fails to plead fraud with the particularity required by Alabama Rule of Civil Procedure 9(b). (Doc. 1 at 8).

"To determine whether it is possible that a state court would find that the complaint states a cause of action, we must necessarily look to the pleading standards applicable in state court …." *Stillwell*, 663 F.3d at 1334. Under Alabama law, "[i]n all averments of fraud or mistake the circumstances constituting fraud or mistake shall be stated with particularity." Ala. R. Civ. P. 9(b). This rule "commands the pleader to use

[3]

more than generalized or conclusory statements to set out the fraud complained of."
*DGB, LLC v. Hinds*, 55 So. 3d 218, 230 (Ala. 2010) (internal quotes omitted).  Rather, "[t]he pleading must show time, place and the contents or substance of the false representations, the fact misrepresented, and an identification of what has been obtained." *Id*. (internal quotes omitted).  A fraud claim that fails to satisfy Rule 9(b) is "properly dismissed for failure to state a claim upon which relief could be granted."  *Anderson v. Clark*, 775 So. 2d 749, 752 (Ala. 1999); *accord Bethel v. Thorn*, 757 So. 2d 1154, 1161 (Ala. 1997).

>Count V reads in its entirety (exclusive of its ad damnum clause) as follows:
>
>>36.  Plaintiffs incorporate and re-allege all paragraphs of this pleading as specific allegations of this Count;
>>37.  Vision and the Defendants fraudulently induced Plaintiffs to invest in and purchase a membership interest in and execute a mortgage, security agreement and guarantees [sic] in the real estate development project described herein;
>>38.  Plaintiffs allege upon information and belief, that Vision and the other Defendants jointly engaged the foregoing fraudulent scheme and otherwise conspired to defraud Plaintiffs into making the subject investment and loan;
>>39.  Alternatively, Vision failed to disclose such material facts, each of which they [sic] had a duty to disclose.  Plaintiffs relied upon such duty and non-disclosure to his [sic] detriment, and suffered substantial damages as a result of Vision's and Defendants' fraudulent suppression of such material facts.  As a proximate result of Defendants' fraudulent suppression and other tortious misconduct; [sic]
>>40.  As a result, Plaintiffs have suffered substantial financial loss, loss of business expectancy and damage to their business relationships and representation; and,
>>41.  Plaintiffs reasonably relied on the said representations and suppressions of Vision and Defendants and as a proximate result of said reliance was [sic] damaged.
>
>(Doc. 1, Exhibit 1 at 19-20).

As is immediately apparent, these allegations do not identify the time or place of any representation.  Nor do the preceding, incorporated allegations supply the deficiency.  This failure alone exposes a fraudulent misrepresentation claim to summary dismissal.

*Crum v. Johns Manville, Inc.*, 19 So. 3d 208, 218-19 (Ala. Civ. App. 2009); *but cf. Sverdrup Technology, Inc. v. Robinson*, 36 So. 3d 34, 44 (Ala. 2009) (when all other aspects of Rule 9(b) were satisfied, the complaint's failure to allege the place where the misrepresentations occurred was not fatal).

The instant complaint is far worse than that in *Crum*. There, at least, the complaint set forth the alleged misrepresentations. Here, the complaint does not identify a single representation made by anyone. This is bedrock material, the sine qua non of a fraud claim. While minor deviations from Rule 9(b) can be overlooked so long as the complaint "include[s] sufficient allegations to place the defendants on notice of the acts complained of," *DGB*, 55 So. 3d at 231, when the complaint identifies no "acts complained of," it necessarily fails to state a claim on which relief can be granted. *Id*. (where the complaint failed to allege that a certain defendant "misrepresented any material facts to" the plaintiffs, the fraud claim against him was properly dismissed for failure to plead fraud with particularity).

Under these authorities, there is not a shadow of doubt. There is no possibility that a state court would find that the complaint's incomparably skeletal pleading states a cause of action for fraudulent misrepresentation against any of the resident defendants.

Count V also asserts fraudulent failure to disclose. Despite its inartful wording, the Court assumes for present purposes that this aspect of Count V is asserted not only against Vision but against the resident defendants as well. Claims of fraudulent suppression, like claims of fraudulent misrepresentation, "must be pleaded with particularity under Rule 9(b)." *DGB*, 55 So. 3d at 231. Unsurprisingly, Rule 9(b) in the suppression context requires the pleader to state what facts were not disclosed. *DGB*, 55 So. 3d at 232; *Allstate Insurance Co. v. Ware*, 824 So. 2d 739, 742 (Ala. 2002). Since the complaint does not furnish this fundamental information, there is no possibility that a state court would find Count V to state a cause of action for fraudulent suppression against any of the resident defendants.

[5]

Count VII asserts a claim for "civil conspiracy" against all defendants. In its entirety (exclusive of ad damnum clause), the count reads as follows:

> 45. Plaintiffs incorporate and re-allege all paragraphs of this pleading as if fully set forth herein;
> 46. The Defendants conspired against the Plaintiffs, its members and managers, to harm the Plaintiffs in the ways described in individual cases [sic] of action herein; and
> 47. This Civil Conspiracy was the direct and proximate cause of injury to the Plaintiffs in an amount in excess of the jurisdictional limits of this Court.

(Doc. 1, Exhibit 1 at 21).

SEPH first argues that this pleading "is too vague and generalized to state a viable cause of action for conspiracy." (Doc. 1 at 8). It provides no argument beyond a general reference to its Rule 9(b) cases, but none addresses a conspiracy claim, much less requires that conspiracy claims comply with Rule 9(b).

SEPH next argues that the civil conspiracy claim must fail because the fraud claim is inadequately pleaded and because a civil conspiracy claim requires an actionable underlying tort. (Doc. 1 at 8-9). But SEPH has not attempted to show that the civil conspiracy claim could not have as an underlying tort, not the fraud alleged in Count V, but one or both of the negligence claims alleged against SEPH in Counts III and IV. Indeed, SEPH has not shown that the tort underlying a civil conspiracy claim must be pleaded as a separate count in the complaint at all.[4]

Third, SEPH argues that the intra-corporate conspiracy doctrine precludes the formation of any conspiracy involving any of the resident defendants. (Doc. 1 at 10, 12). But there are two entity defendants here, and SEPH has not attempted to show that they cannot conspire with each other or that the agents of one cannot conspire with the other entity or its agents.

---

[4] That Count VII says the conspiracy was "to harm the Plaintiffs in the ways described in individual ca[u]ses of action herein" does not limit the tortious *conduct* to that described in the complaint but at most limits the *harm* the defendants intended to inflict.

[6]

Fourth, SEPH argues that there could be no conspiracy involving any resident defendant because two of them (agents or employees of Vision) have submitted affidavits asserting that they "did not conspire or otherwise agree with any of the other defendants in this action." (Doc. 1 at 11; *id.*, Exhibits 3, 4). Removing defendants are permitted to submit affidavits to establish that the plaintiffs cannot establish a cause of action against the resident defendant. *Legg v. Wyeth*, 428 F.3d 1317, 1322 (11th Cir. 2005). If they submit evidence that negates a cause of action, it is incumbent upon the plaintiffs (who cannot then simply rely on the allegations of the complaint) to present evidence sufficient to raise a question of fact. *Id*. at 1323. Should the plaintiffs do so, for purposes of removal jurisdiction their evidence must be credited and the defendants' evidence ignored. *Id*. The plaintiffs have submitted Nabors' affidavit, which implicates one of the affiants in the conspiracy. (Doc. 21, Exhibit 1 at 3-4). This evidence must for present purposes be credited and SEPH's contrary evidence ignored.

Fifth, SEPH argues that, even if civil conspiracy can be based on a tort not otherwise alleged in the complaint, Nabors' affidavit demonstrates that the plaintiffs cannot establish an underlying tort. (Doc. 24 at 14-15). Its arguments are too weak to show "no possibility" an Alabama court would sustain the cause of action but, in any event, they proceed from the false premise that the civil conspiracy claim is "exclusively predicated" on the conduct set forth in the affidavit. (*Id*. at 15). On the contrary, the plaintiffs state that, in addition to the conduct described in the affidavit, "Merryman forged [Nabors'] name without approval or permission on several legally significant documents such as personal unlimited guarantees [sic], Notes and Mortgages." (Doc. 21 at 8). SEPH ignores this assertion at its peril.

Finally, SEPH argues that any claim of civil conspiracy is barred by the two-year statute of limitations governing such claims. (Doc. 1 at 11-12; Doc. 24 at 15-16).[5] While the complaint and affidavit do not, as SEPH believes, irretrievably place all wrongful conduct in or before 2007, the plaintiffs concede that the tortious conduct underlying their conspiracy claim occurred more than two years before they filed suit in January 2012; however, they argue their claim is timely under the discovery rule of Ala. Code § 6-2-3. (Doc. 21 at 10). SEPH argues that tolling under Section 6-2-3 is impossible because Nabors' affidavit reflects he knew of the tortious conduct in 2007. (Doc. 24 at 15-16). The language on which SEPH relies, however, addresses only that aspect of the allegedly tortious conduct described in the affidavit. Even if that language is properly construed as negating application of the discovery rule as to that tortious conduct, it cannot be so construed with respect to the alleged Merryman forgeries described above, since that conduct is not mentioned in the affidavit. SEPH has failed to show "no possibility" that a state court would rule the plaintiff's civil conspiracy claim timely under Alabama law.

The Court does not rule that Alabama law sustains the plaintiffs' civil conspiracy claim. That is not the Court's function. Rather, the Court concludes only that SEPH has not met its exacting burden of establishing that there is no possibility an Alabama court would do so, especially given the multiple uncertainties in Alabama law left hanging by SEPH's uneven presentation. The Court has and expresses no opinion whether the result might have been different had SEPH presented different arguments or more effectively supported those it did raise.

Because fraudulent joinder must fail if even one claim against even one resident defendant survives scrutiny, *Stillwell*, 663 F.3d at 1333, and because the plaintiffs' civil

---

[5] *See Boyce v. Cassese*, 941 So. 2d 932, 944 (Ala. 2006) (limitations period for conspiracy claims is two years); *Garris v. A&N Forest Consultants, Inc.*, 623 So. 2d 1035, 1039 (Ala. 1993) (same).

[8]

conspiracy claim survives such scrutiny, SEPH cannot meet its burden of demonstrating the existence of the complete diversity required to support removal.

### B. Unanimity Requirement.

Defendant Darrell Melton was served with process on January 27, 2012. (Doc. 1 at 2 & Exhibit 1 at 123-24). The case was removed on February 24, 2012. On April 16, 2012, the plaintiffs filed their reply brief in support of their motion to remand, in which they for the first time argued that remand is required because Melton did not join in or consent to removal within 30 days after receipt of service. (Doc. 28 at 6).

"When a civil action is removed solely under section 1441(a), all defendants who have been properly joined and served must join in or consent to the removal of the action." 28 U.S.C. § 1446(b)(2)(A). The plaintiffs correctly acknowledge that Melton's asserted failure to consent constitutes only a defect in removal procedure and does not imperil subject matter jurisdiction. (Doc. 28 at 6).

"A motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)." 28 U.S.C. § 1447(c). Failure to comply with Section 1447(c) waives any objection to a procedural defect. *Wilson v. General Motors Corp.*, 888 F.2d 779, 781 n.1 (11th Cir. 1989). The plaintiffs filed their motion to remand within 30 days after the notice of removal, but the only ground they asserted was lack of subject matter jurisdiction. They did not raise any defect in removal procedure until 52 days after the notice of removal.

"As we read the statute, it requires that a defect in removal procedure be raised in the district court within 30 days after the filing of the notice of removal. In other words, the critical date is not when a motion to remand is filed, but when the moving party asserts a procedural defect as a basis for remand." *Northern California District Council of Laborers v. Pittsburg-Des Moines Steel Co.*, 69 F.3d 1034, 1038 (9th Cir. 1995). The only other appellate court known to have addressed the issue recently disagreed,

"reject[ing] any suggestion that the timing of the presentation of a removal defect – rather than the submission of the remand motion – is what matters for a timeliness analysis under Section 1447(c)." *BEPCO, L.P. v. Santa Fe Minerals, Inc.*, 675 F.3d 466, 471 (5th Cir. 2012). Under *BEPCO,* the plaintiffs' objection is timely, but under *Council of Laborers* it is not.

The Fifth Circuit found Section 1447(c) unambiguous in this respect, 675 F.3d at 471, but the Court is not so sure. After all, the sort of motion to remand that must be filed within 30 days of removal is specifically described as one "on the basis of any defect" in removal procedure. A motion to remand that asserts no defect in removal procedure cannot easily be characterized as one made "on the basis of" such a defect. In the Court's view, this language renders the statute at least ambiguous and so opens the door to examination of its purpose in order to resolve the ambiguity. The Ninth Circuit considered that purpose and found it to bolster its reading of the statute. 69 F.3d at 1038.

Ultimately, the Court need not resolve the conflict, since SEPH does not object to the plaintiffs' argument as being untimely under Section 1447(c). Instead, SEPH notes only that the Court does not ordinarily consider arguments first raised in reply. (Doc. 30 at 3). This is correct, but by affirmatively seeking leave to file a sur-reply, (Doc. 29), and then doing so, SEPH engaged the argument and undermined the rationales supporting the Court's general practice.

SEPH next argues that Melton was not required to consent to removal because he was fraudulently joined. (Doc. 30 at 4). But, as discussed in Part A, SEPH has failed to establish that Melton was fraudulently joined.

Finally, SEPH argues that Melton did effectively consent to removal. (Doc. 30 at 4). Along with its notice of removal, SEPH submitted Melton's affidavit, which he swore he made "in support of a notice of removal filed in this action." (Doc. 1, Exhibit 4). The plaintiffs offer no explanation how Melton could submit an affidavit "in support of" removal and simultaneously not consent to removal. When counsel represents that all the defendants, whom he represents, join in removal, the Eleventh Circuit will not

invalidate the removal for lack of the defendants' individual signatures on the notice of removal, "[a]bsent some basis for believing that … any of the defendants did not want the case removed." *Cook v. Randolph County*, 573 F.3d 1143, 1150 (11th Cir. 2009).  In the same way, Melton's affidavit is sufficient to demonstrate his consent to removal absent some basis for believing that he really did not want the case removed.  Since the plaintiffs offer no such basis, the Court concludes that the consent requirement has been met.

### C. Post-Removal Amendment of the Complaint.

Before their motion to remand ripened with the filing of their reply brief, the plaintiffs unilaterally filed an amended complaint.  (Doc. 27).  The primary change worked by the amended complaint is to add an eighth count, for "sale of unregistered securities … in violation of § 12(1) of the Securities Act of 1933, 15 U.S.C. § 77(*l*)."  (Doc. 27 at 21).  SEPH argues that this amendment establishes subject matter jurisdiction and compels denial of remand.  (Doc. 30 at 2-3).

The threshold question is whether the amended complaint is actually before the Court.  Because Vision had previously filed a responsive pleading, (Doc. 11), amendment requires "the opposing party's written consent" or leave of Court.  Fed. R. Civ. P. 15(a).  Only the (post-amendment) written consent of SEPH is in the record.  (Doc. 30 at 2 n.1).  SEPH asserts that Melton also consents, (*id.*), but it has not explained how SEPH's counsel can provide written consent on behalf of Melton, whom SEPH's counsel does not represent.  Nor is there a written consent from Daniel Sizemore, who had appeared before the amendment was filed.  (Doc. 16).  Because SEPH has not explained how the "written consent" rule is satisfied under these circumstances, the Court does not approve the amendment on that ground.

The plaintiffs did not seek or obtain advance judicial permission to file the amended complaint.  "In general, if an amendment that cannot be made as of right is served without obtaining the court's leave or the opposing party's consent, it is without legal effect and any new matter it contains will not be considered unless the amendment

[11]

is resubmitted for the court's approval."  6 Charles A. Wright, Arthur R. Miller & Mary K. Kane, Federal Practice and Procedure § 1484 at 685 (3rd ed. 2010).  The Eleventh Circuit is among those acknowledging this view.  *Hoover v. Blue Cross and Blue Shield*, 855 F.2d 1538, 1544 (11th Cir. 1988).  While the Court has discretion to treat the amended complaint as legally effective despite the failure to comply with Rule 15(a), *id.*, the Court declines to do so.  Because the amended complaint was filed improperly, it is **stricken**.

Even were the Court to recognize the amended complaint as a valid pleading, SEPH has not shown that it requires the Court to deny remand.  The cases which SEPH cites stand only for the proposition that, when a case is improperly removed without a sound jurisdictional basis, the plaintiff thereafter amends to add a federal claim, *and* the case proceeds to judgment, the *appellate* court ordinarily will not consider the propriety of removal but only whether, at the time judgment was entered, subject matter jurisdiction existed.  "To wipe out the adjudication postjudgment, and return to state court a case now satisfying all federal jurisdictional requirements, would impose an exorbitant cost on our dual court system, a cost incompatible with the fair and unprotracted administration of justice."  *Caterpillar Inc. v. Lewis*, 519 U.S. 61, 77 (1996).

SEPH has failed to explain why a rule stemming from such considerations governs a case, like this one, in its infancy and only recently removed, and the Court will not endeavor to manufacture rationales on its behalf.  Instead, the Court must fall back on the established rule that "[t]he existence of federal jurisdiction is tested at the time of removal.  ...  Thus, to meet their burden, the defendants must show that the plaintiffs' complaint, as it existed at the time of removal, provides an adequate basis for the exercise of federal jurisdiction."  *Adventure Outdoors*, 552 F.3d at 1294-95; *accord Connecticut State Dental Association v. Anthem Health Plans, Inc.*, 591 F.3d 1337, 1351 n.9 (11th Cir. 2009) ("Although Plaintiffs reference their amended complaints in their briefs, we consider the original complaints because removal jurisdiction is determined at the time of removal ...."); *Pintando v. Miami-Dade Housing Authority*, 501 F.3d 1241, 1244 n.2 (11th

Cir. 2007) ("[T]he district court must determine whether a federal question exists at the time of removal using the original complaint ....").

## CONCLUSION

"Any doubts about the propriety of federal jurisdiction should be resolved in favor of remand to state court." *Adventure Outdoors*, 552 F.3d at 1294. There is much more than a little doubt about the propriety of federal jurisdiction here. For the reasons set forth above, the plaintiffs' motion to remand is **granted**. This action is **remanded** to the Circuit Court of Baldwin County.

DONE and ORDERED this 16th day of July, 2012.

s/ WILLIAM H. STEELE
CHIEF UNITED STATES DISTRICT JUDGE